Opinion filed November 5, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed November 5,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-09-00028-CR

                                           __________

 

                                     RODNEY WILLIAMS, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                 On
Appeal from the Criminal District Court No. 3

 

                                                          Tarrant
County, Texas

 

                                                Trial
Court Cause No. 1115808R

 



 

                                            M
E M O R A N D U M     O P I N I O N

The
trial court convicted Rodney Williams, upon his plea of guilty, of burglary of
a habitation.  A plea bargain agreement was not entered.  The trial court found
the enhancement allegation to be true and assessed punishment at confinement
for fifty-five years.  We dismiss.








Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that he has concluded that the appeal is frivolous.  Counsel has
provided appellant with a copy of the brief and advised appellant of his right
to review the record and file a response to counsel=s brief.  A response has been filed.
Court-appointed counsel has complied with the requirements of Anders v.
California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); and Eaden v. State, 161 S.W.3d
173 (Tex. App.CEastland
2005, no pet.).

 In
his response, appellant argues that there is no evidence linking him to the
burglary and that there were no eyewitnesses to the offense.  The Texas Court
of Criminal Appeals stated in Bledsoe v. State, 178 S.W.3d 824, 826-27
(Tex. Crim. App. 2005), that the court of appeals is to review appellant=s pro se claims and examine
the record in order to determine whether the record reflects no reversible
error and, therefore, the appeal should be dismissed or whether arguable
grounds exist and, therefore, new counsel should be appointed.  We have
complied with the requirements in Bledsoe and have found no reversible
error.

Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  We note that counsel
has the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant
that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66.  Black v. State, 
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.). 

The
motion to withdraw is granted, and the appeal is dismissed.

 

PER CURIAM

 

November 5, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.